```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────
OOFOS, INC.,
                        Plaintiff,                25-cv-02323 (JGK)

        - against -                               MEMORANDUM OPINION
                                                  AND ORDER
NYKY USA CORP. & NYKY S.R.L.,
                        Defendants.
───────────────────────────────────────
```

**JOHN G. KOELTL**, District Judge:

The plaintiff, Oofos, Inc. ("Oofos"), brings this action against the defendants, Nyky USA Corp. and Nyky S.r.l. (collectively, "Nyky").

The plaintiff claims that Nyky's OOF WEAR, OOFWEAR, and OOF marks (collectively, "OO/OOF marks") infringe the plaintiff's OOFOS and OO-Formative marks. Nyky allegedly uses OO/OOF marks in connection with advertising, promotion, and sale of apparel and accessories without authorization. The plaintiff seeks damages and injunctive relief for alleged trademark infringement under 15 U.S.C. § 1114(1), unfair competition and false designation of origin under 15 U.S.C. § 1125(a), deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349(a), trademark dilution in violation of N.Y. Gen. Bus. Law § 360-L, and trademark infringement and unfair competition under New York Common Law. The plaintiff also seeks to cancel Nyky's U.S. Registration No. 5,964,153 for the mark OOF (plus design) and

enjoin Nyky's U.S. Trademark Application Serial No. 79/405,428 for the mark OOFWEAR (plus design).

Relying on Landis v. N. Am. Co., 299 U.S. 248 (1936), the defendants now move to stay this action pending resolution of a Trademark Trial and Appeal Board ("TTAB") proceeding. For the reasons below, the motion to stay is **granted**.

## I. Factual Background

The plaintiff, Oofos, is a Delaware corporation that specializes in recovery footwear and has expanded its brand into "apparel and related accessories, such as hats, shirts, and sweatshirts."[1] Compl. ¶¶ 2, 14, 16-17. Oofos promotes its product under a series of OOFOS and "OO-Formative" marks, including "OOFOS, OOFOAM, OO (plus design), OOMG, FEEL THE OO, OOCANDOO, OOCLOOG, and OORIGINAL." Id. ¶ 20.

The defendants, Nyky, launched the OOF WEAR brand in 2016, offering apparel and related accessories. Id. ¶¶ 32-33. The defendants allegedly began using the OO/OOF marks in the United States in or around 2018 in connection with the sale and marketing of their products. Id. ¶¶ 32, 36. The defendants own U.S. Registration No. 5,964,153 for the mark OOF (plus design) (the "'153 mark") and U.S. Registration No. 5,742,256 for the mark OO (plus design) (the "'256 mark"). Id. ¶¶ 46, 49-50, 54.

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

They also own U.S. Trademark Application Serial No. 79/405,428 for the mark OOFWEAR (plus design) (the "'428 application"). Id. ¶ 55.

On August 7, 2024, Oofos filed a petition with the TTAB to cancel the registrations of the '153 mark and the '256 mark, asserting priority in its OO/OOF-formative marks and likelihood of confusion.[2] Id. ¶¶ 47, 51. The defendants failed to respond to the petition to cancel the '256 mark and defaulted in that proceeding, while the cancellation proceeding for the '153 mark remained ongoing. Id.

On March 20, 2025, Oofos commenced this action, seeking to cancel the registration of the '153 mark and to enjoin the '428 application, among other relief. Id. ¶¶ A-C. On April 29, 2025, Oofos moved to suspend the TTAB cancellation proceeding of the '153 mark pending resolution of this case. Defs.' Mot., ECF No. 28, 4; Pl.'s Opp'n, ECF No. 34, 5. The defendants allege that briefing on Oofos's motion to suspend concluded on June 6, 2025, several weeks after the close of the discovery and only weeks before the TTAB pretrial and trial period scheduled to begin on June 30, 2025. Defs.' Mot. 5. On September 24, 2025, the TTAB granted Oofos's motion and suspended the proceeding. Oofos Inc.

---

[2] In addition to the TTAB proceeding and this action, the parties have initiated related proceedings in Italy, the European Union, Canada, South Korea, and Mexico. Defs.' Mot. 4-5; Pl.'s Opp'n 7-8.

v. NYKY S.r.l., Cancellation No. 92085932 (T.T.A.B. September 24, 2025).[3]

## II. Legal Standards

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 254. "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254-55; Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012) ("The district court's decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case.").

Courts in this Circuit generally consider three guiding factors in deciding whether to stay a case: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." Molo Design, Ltd. v. Chanel, Inc., No. 21-CV-01578, 2022 WL 2135628, at *2 (S.D.N.Y. May 2, 2022).

---

[3] The TTAB rule provides that "[I]f, as sometimes happens, the court before which a civil action is pending elects to suspend the civil action to await determination of the Board proceeding and the Board is so advised, the Board will go forward with its proceeding." TTAB Rule 510.02(a).

4

The party moving for a stay "bears the burden of establishing its need," Clinton v. Jones, 520 U.S. 681, 708 (1997), and must "make out a clear case of hardship or inequity in being required to go forward . . . ." Landis, 299 U.S. at 255. "Absent a showing of undue prejudice upon [the] defendant . . . there is no reason why [the] plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." Louis Vuitton, 676 F.3d at 97.

### III. Discussion

In this case, the defendants have shown sufficiently that all three factors favor a stay.

First, a TTAB finding will simplify issues before this Court. The central issue in the TTAB proceeding is the registrability of the defendants' '153 mark based on priority of the plaintiff's marks and the likelihood of confusion between the '153 mark and the OOFOS and OO-Formative marks. See Defs.' Mot. 6; Pl.'s Opp'n 5. While this case raises issues beyond the registrability of the '153 mark, a resolution by the TTAB will eliminate the need for this Court to decide on that specific question, because a TTAB determination on registrability will be issue preclusive in subsequent litigation in the district court involving registrability of the same mark. B & B Hardware, Inc. v. Hargis Indus., Inc., 575 U.S. 138, 141-42 (2015). Moreover, a TTAB finding on the likelihood of confusion will also simplify

5

the infringement issues regarding the '153 mark litigated here, because the standard for likelihood of confusion in the registration context is the same as in the infringement context. Id. at 154. Accordingly, allowing the TTAB to proceed will narrow the issues in dispute and streamline subsequent proceedings in this case.[4]

The plaintiff argues that, because this case involves issues beyond the registrability of the '153 mark, a stay would prevent the plaintiff from obtaining a full remedy. Pl.'s Opp'n 10-11. That argument is unpersuasive. While a TTAB decision will not resolve every issue, "courts look to the TTAB for its analysis on both the issues of likelihood-of-confusion and dilution as highly instructive and persuasive." Tigercat Int'l, Inc. v. Caterpillar Inc., No. 16-CV-1047, 2018 WL 2049816, at *4 (D. Del. May 2, 2018) (granting a Landis stay because a TTAB decision on the likelihood of confusion would aid the parties in narrowing their contentions); see also Aero AG Holdings, LLC v. Summit Footwear Co., No. 20-CV-16655, 2021 WL 4148218, at *3 (D.N.J. Sept. 13, 2021) (granting a Landis stay because "at the crux of the federal and TTAB cases is the overarching issue of whether [the defendant's] mark is confusingly similar to [the

---

[4] The defendants also argue that this case should be stayed in light of another proceeding in Italy. Defs.' Mot. 11. That argument carries little force. A result from that proceeding would have, at most, persuasive force and would not simplify the proceeding in this case.

plaintiff's] mark"). Because the TTAB determination on the registrability of the '153 mark will control issues concerning that mark and helpfully inform issues relating to other marks, allowing the TTAB proceeding to continue will streamline this litigation and expedite, rather than delay, the plaintiff's opportunity for relief.

Second, this action is in its infancy and should not block a trial-ready proceeding. "[C]ourts have routinely refused to grant a stay pending IPR where a case is past early stages of proceedings." Rovi Guides, Inc. v. Comcast Corp., No. 16-CV-9278, 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017). The present action has not moved beyond pleadings: the defendants' time to answer the complaint has been stayed pending resolution of this motion. See ECF No. 22. By contrast, the proceeding before the TTAB has been pending for almost a year and is trial-ready with completed discovery. Comparing the progress of these two proceedings, the trial-ready TTAB proceeding should be prioritized.

Third, the balance of prejudice favors a stay. In weighing prejudice, courts consider the totality of circumstances, including "(1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties . . .

Notably, mere delay in the litigation does not establish undue prejudice." Rovi Guides, 2017 WL 4876305, at *4.

The plaintiff alleges that the infringement began in or around 2018, but the plaintiff did not file a TTAB petition for review until August 2024, six years later. After the TTAB proceeding had been pending for over seven months, the plaintiff filed the current case in March 2025. The plaintiff continued discovery in the TTAB for another month before moving to suspend the TTAB proceeding in April 2025. At this point, the TTAB proceeding is trial-ready, with discovery complete, whereas this action has not progressed beyond the pleadings. These circumstances demonstrate that the plaintiff has waited, and can wait, for the TTAB's determination without undue prejudice.

Allowing the TTAB proceeding to proceed will preserve the resources of the parties and the TTAB, whereas abandoning the TTAB proceeding would require both parties to start from scratch before this Court. The latter path would prejudice the defendants by squandering their efforts before the TTAB.

On the other hand, the plaintiff has not shown any significant prejudice from a stay of this action. The plaintiff argues that a stay of this case will prejudice it because the defendants will continue to use the allegedly infringing mark until this Court issues an injunction. Pl.'s Opp'n 14-15. That argument is unpersuasive. Although this Court has the authority

8

to grant injunctive relief, it is unlikely that the plaintiff would obtain such relief immediately: the likelihood of confusion between trademarks is a fact-intensive inquiry that generally cannot be adjudicated based on the pleadings alone. See Kelly-Brown v. Winfrey, 717 F.3d 295, 307 (2d Cir. 2013) (the Polaroid test "is a fact-intensive inquiry that depends greatly on the particulars of each case."); World Trade Ctrs. Ass'n v. Port Auth. of N.Y. & N.J., No. 15-CV-7411, 2016 WL 8292208, at *2 (S.D.N.Y. Dec. 15, 2016) ("As a general rule, the likelihood of confusion is a fact-intensive analysis that ordinarily does not lend itself to a motion to dismiss."). More likely, the plaintiff would have to proceed through discovery in this Court — duplicating what has already taken place before the TTAB.

The plaintiff also argues that, because "the parties conducted minimal discovery" in the TTAB proceeding, discovery in this Court would not be duplicative. Pl.'s Opp'n 11. This argument is unpersuasive. The burden to prove the likelihood of confusion does not differ between a TTAB and a district court action. See B & B Hardware, 575 U.S. at 153 ("Plenary review serves many functions, but ensuring a streamlined process is not one of them."). Therefore, discovery on that issue for the same mark should be substantially the same. Having deemed minimal discovery sufficient before the TTAB, the parties cannot now

9

contend that burdensome discovery on the very same issue in this Court would be required. Assuming discovery was conducted in good faith before the TTAB, discovery in this Court on the same issue should be no different.

Moreover, because the plaintiff waited years before bringing this suit, it is difficult to see how the plaintiff would suffer significant prejudice by allowing another year for the trial-ready TTAB proceeding to reach a resolution, which can then be presented to this Court to narrow the issues. On balance, the prejudice to the parties and the TTAB from abandoning a trial-ready proceeding outweighs any limited prejudice to the plaintiff from a stay of this case.

### IV. Conclusion

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the defendants' motion to stay is **granted.**

Either party may move to reopen this case following the disposition of TTAB Cancellation No. 92085932 and should attach a copy of the TTAB's resolution to any such motion.

The Clerk is respectfully directed to close all pending motions.

SO ORDERED.
Dated:   New York, New York
         October 15, 2025

                                            John G. Koeltl
                                  United States District Judge